BOGGS ET AL., APPELLANTS, *v.* THE STATE OF OHIO ET AL., APPELLEES.

[Cite as Boggs *v.* State (1983), 8 Ohio St. 3d 15.]

(No. 83-157—Decided November 23, 1983.)

16

*Messrs. Glander, Brant, Ledman & Newman, Mr. Charles E. Brant* and *Mr. Douglas S. Roberts,* for appellants.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Robert L. Holder,* for appellees.

*Per Curiam.* The issue presented is whether a court of common pleas has concurrent jurisdiction with the Court of Claims over a cause of action against the state of Ohio, involving The Ohio State University Hospitals. For the reasons that follow, this court holds that the Court of Claims has exclusive, original jurisdiction over claims filed against the state alleging negligence of employees of The Ohio State University Hospitals. We, therefore, affirm.

Section 16, Article I of the Ohio Constitution provides, in pertinent part, that "[s]uits may be brought against the state, in such courts and in such manner, as may be provided by law."

With the enactment of the Court of Claims Act (R.C. Chapter 2743), the General Assembly prescribed the method and the forum for bringing suit against the state. As the first step, the state waived its immunity from liability and consented to be sued, R.C. 2743.02(A)(1) providing, in relevant part, as follows:

"The state hereby waives its immunity from liability and consents to be sued, and have its liabilities determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *."

This section clearly indicates that the waiver of immunity and the consent to be sued is not without limitation, for R.C. 2743.02 expressly provides that the state "* * * consents to be sued * * * in the court of claims created in this chapter * * *." The General Assembly created the Court of Claims as the forum for deciding suits against the state by enacting R.C. 2743.03(A). "There is hereby created a court of claims. The court of claims is a court of record and has *exclusive, original jurisdiction* of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code * * *." (Emphasis added.)

The language in the Court of Claims Act is clear and unambiguous. The General Assembly has clearly limited the state's waiver of immunity to claims determined in the Court of Claims. R.C. 2743.03 expressly affords exclusive, original jurisdiction to the Court of Claims. Furthermore, the Act contains no waiver of immunity with respect to actions pending in other state

courts. Accord *Ohio Inns, Inc.* v. *Nye* (C.A. 6, 1976), 542 F. 2d 673, 681. Nor does the Act in any way give consent for the state to be sued in any forum other than the Court of Claims.

Inasmuch as this cause of action involves a civil suit for money damages against the state, the Court of Claims has original, exclusive jurisdiction. Hence, the court of common pleas lacked jurisdiction over this claim and the dismissal of this action pursuant to Civ. R. 12(B)(6) was proper.[2]

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[2] Appellants also challenged the constitutional validity of the Court of Claims itself and the procedures used therein. In this regard, the court of appeals held as follows: "[t]he validity of the procedure in the Court of Claims was not properly before the Common Pleas Court and is not before this court." This court concurs in this assessment.