**OAKAR, Admr., Appellee,**

v.

**OHIO DEPARTMENT OF MENTAL RETARDATION, Appellant.**

[Cite as *Oakar v. Ohio Dept. of Mental Retardation* (1993), 88 Ohio App.3d 332.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63984.

Decided June 21, 1993.

*John E. Shryock,* for appellee.

*Lee Fisher,* Attorney General, and *Robert L. Doty,* Assistant Attorney General; and *Timothy F. O'Brien,* for appellant.

---

*Per Curiam.*

The state of Ohio appeals on the accelerated docket from the Cuyahoga County Court of Common Pleas, Probate Division's granting of plaintiff-appellee James L. Oakar's complaint for declaratory judgment. For the reasons set forth below, we affirm and remand.

Edward Callahan was admitted to the state of Ohio's institution for the mentally retarded and developmentally disabled in 1923. The record shows that the state did not determine the amount to be charged for Mr. Callahan's support within ninety days of his admission to the institution pursuant to R.C. 5121.04 and never sent notice to any person of any amount to be charged.

On April 17, 1987, Timothy O'Brien was appointed guardian of Mary Callahan. A search was conducted for Ms. Callahan's next of kin. By July 1990, the search yielded Edward Callahan as the only known next of kin.

On July 15, 1988 Ms. Callahan died and O'Brien was appointed the administrator of her estate. No relatives came forward during the administration of Ms. Callahan's estate, even though statutory notices were made. A final fiduciary account was had on June 15, 1989.

On September 12, 1988, the Ohio Department of Mental Retardation and Developmental Disabilities filed its first claim to the Administrator of the Estate

of Ms. Callahan. The claim was for institutional bills of Edward Callahan covering the period from January 1, 1956 through November 6, 1979 in the amount of $69,368.65. The claim was not paid.

On June 6, 1989, James Oakar was appointed guardian of Mr. Callahan.

On June 15, 1989, the balance of $130,000 of Ms. Callahan's estate was transferred to Oakar as guardian of Mr. Callahan.

On July 21, 1989, Mr. Callahan died. On October 16, 1989, Oakar was appointed the administrator of Mr. Callahan's estate.

During the administration of Mr. Callahan's estate, no heirs were found by the administrator. Mr. Oakar, being of the opinion that since all funds would escheat to the state due to lack of heirs, forwarded a check on July 27, 1990 in the amount of $69,368.65 as payment for Mr. Callahan's stay at the institution from 1956 through 1979.

On the same day (July 27, 1990), a letter was sent to Mr. Oakar indicating the existence of fifteen heirs to the estate of Mr. Callahan. On October 31, 1990, the heirs filed an exception, claiming that the payment to the state was in error as it violated a statutory six-year limitation. A demand for refund was made, which was rejected by the state. The administrator then sought a declaratory judgment from the court requesting that the court declare (1) the validity of the state's claim, and (2) the refund of the $69,368.65 from the state with interest and costs, including reasonable attorney fees.

On January 30, 1992, the trial court granted the state's motion to dismiss on the refund and interest plus attorney fees claims. On May 27, 1992, the trial court determined the state's claim was invalid.

The state assigns the following errors:

"I. The Probate Court failed to dismiss the action captioned *Oakar v. State of Ohio,* Case Number 1057675; this failure was in error pursuant to *Friedman v. Johnson,* 18 Ohio St.3d 85 [18 OBR 122] 480 N.E.2d 82 (Ohio 1985).

"II. The Probate Court severed the declaratory relief sought from the money damages prayed for in violation of *Friedman v. Johnson* and *Boggs v. State,* 8 Ohio St.3d 15 [8 OBR 84] 455 N.E.2d 1286 (Ohio 1983).

"III. The Probate Court failed to dismiss this action as it should have in light of the fact that Mr. Oakar waived any Ohio Revised Code Section 5121.04 objection to the proof of claim submitted by the State of Ohio, Department of Mental Retardation and Developmental Disabilities when he paid it; he thought that the money 'would escheat to the State anyway' and then remitted to the State of Ohio the full amount.

"IV. The Probate Court failed to rule on the validity of plaintiff's complaint in regards to Ohio Revised Code Section 5121.04(E): There was no ruling as to whether the aforementioned section voids an otherwise valid claim upon the sixth year of delinquency or whether the six (6) year provision contained within the section is solely a prohibition against legal action to enforce collection; it was pursuant to Ohio Revised Code Section 5121.04(E) that this action was originally argued."

This case raises two issues: (1) whether the court of common pleas, probate division, has jurisdiction to entertain a declaratory judgment action against the state, and (2) whether it can also render judgment in equity against the state, without violating the Court of Claims Act, to wit, R.C. 2743.03, when the action is properly before it.

The Ohio Supreme Court stated clearly the purpose and the extent of the jurisdiction of the Court of Claims and the relationship of its jurisdiction with that of the courts of common pleas in Ohio, when it held in *Friedman v. Johnson, supra:*

"A major purpose of the Court of Claims Act was to centralize the filing and adjudication of all claims against the state. The Court of Claims was created to become the sole trial-level adjudicator of claims against the state, with the narrow exception that specific types of suits that the state subjected itself prior to 1975 could be tried elsewhere as if the defendant was a private party. To permit the court of common pleas to have jurisdiction over claims such as the one herein would contravene this purpose. For example, any party wishing to avoid the Court of Claims, for whatever reason, would simply have to attach a prayer for declaratory relief onto his request for monetary damages or injunctive relief. This type of 'forum-shopping' is not what was envisioned when the Court of Claims was established; rather, the exceptions to its exclusive jurisdiction should be strict and narrow." *Id.,* 18 Ohio St.3d at 87–88, 18 OBR at 124, 480 N.E.2d at 84.

Thus, the *Friedman* court made it abundantly clear that parties cannot avoid Court of Claims jurisdiction by attaching a prayer for declaratory or injunctive relief in any monetary damage action against the state. Again, in *Manning v. Ohio State Library Bd.* (1991), 62 Ohio St.3d 24, 30, 577 N.E.2d 650, 654, the Ohio Supreme Court restated its holding in *Friedman, supra:*

"Further, in *Friedman v. Johnson,* * * * this court stated that the Court of Claims has exclusive, original jurisdiction in all civil suits for money damages even where ancillary relief (such as injunction or declaratory judgment) is sought in the complaint."

■ The law, therefore, is settled in Ohio: a party is prohibited from using an injunctive or declaratory judgment as a camouflage for a civil suit for money damages against the state. See *Boggs v. State* (1983), 8 Ohio St.3d 15, 17, 8 OBR 84, 85, 455 N.E.2d 1286, 1288.

However, such exclusivity is not applicable when the action is solely for a declaratory judgment or injunctive relief where no monetary damages are sought from the state. *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St.3d 317, 320, 28 OBR 386, 388, 503 N.E.2d 1025, 1028. Prior to the enactment of the Court of Claims Act, a declaratory judgment action, *Am. Life & Acc. Ins. Co. v. Jones* (1949), 152 Ohio St. 287, 40 O.O. 326, 89 N.E.2d 301; *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261, and injunctive relief, *Columbus S. Power Co. v. Ohio Dept. of Transp.* (1989), 63 Ohio App.3d 612, 579 N.E.2d 735, were permitted against state agencies. Therefore, the exclusive jurisdiction of the Court of Claims does not bar the courts of common pleas from obtaining subject matter jurisdiction over declaratory or injunctive actions against the state, contrary to what the state may lead us to believe.

The Ohio General Assembly amended R.C. 2743.03 in 1988 to further clarify its intent in enacting the Court of Claims Act.

R.C. 2743.03(A)(2) currently provides:

"If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action. *This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief.*" (Emphasis added.)

The editorial comments to Page's Ohio Revised Code Annotated state:

"The provisions of § 3 of SB 344 (142 v—) read as follows:

"SECTION 3. It is the intent of the General Assembly in enacting this act to confirm the decision of the Tenth District Court of Appeals in *Armstrong/Mahan Joint Venture v. Ohio Department of Administrative Services*, Case No. 87AP-1073 [1987 WL 32223] (Dec. 31, 1987), which recognized that Substitute House Bill 267 of the 117th General Assembly did not change the law as to courts of competent jurisdiction granting injunctive and declaratory relief as found by the

Supreme Court in *Racing Guild of Ohio, Local 304 v. State Racing Commission,* 28 OS3d 317 [28 OBR 386, 503 N.E.2d 1025] (1986)."

■ It is our opinion that the probate court has jurisdiction to entertain a declaratory judgment action on probate matters against the state pursuant to R.C. 2101.24(A)(1)(k) without violating the Court of Claims Act.

The last issue before us is whether the action sought in the instant case is a disguise suit for money damages against the state. If the answer is in the affirmative, then the declaratory judgment rendered in the instant case is invalid. However, if the answer is in the negative, then we must decide whether the probate court in addition to a declaratory judgment can grant other equitable relief without offending the spirit of the Court of Claims Act.

■ We hold that the probate court has jurisdiction to grant relief in equity on probate matters against the state. In the instant case, the trial court's failure to determine whether appellee could properly be reimbursed by the state for a wrongful payment of money, due to lack of jurisdiction, is a reversible error.

R.C. 2101.24(C) provides:

"The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."

It is clear that the legislature did not intend to use the Court of Claims Act to divest the common pleas courts of equitable jurisdiction when applicable. R.C. 2743.03(A)(2). The Ohio Supreme Court in *Ohio Hosp. Assn. v. Ohio Dept. of Human Serv.* (1991), 62 Ohio St.3d 97, 579 N.E.2d 695, held that an action seeking reimbursement of amounts unlawfully withheld is not an award of money damages, but equitable relief. That court, citing the United States Supreme Court decision in *Bowen v. Massachusetts* (1988), 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749, where the court held that remedy given to a plaintiff for loss suffered is not the same as an attempt "to give the plaintiff the very thing to which he was entitled," concluded:

"We find this distinction applicable to this suit. The reimbursement of monies withheld pursuant to an invalid administrative rule is equitable relief, not money damages, and is consequently not barred by sovereign immunity." *Ohio Hosp. Assn.* at 105, 579 N.E.2d at 701.

Remedy for loss suffered is the kind of damages action the Court of Claims Act prohibits filing against the state in any court except in the Court of Claims. An attempt to give plaintiff in equity that which he is entitled and deny the state that to which it is not entitled is "other equitable relief" contemplated by the General

Assembly in R.C. 2743.03(A)(2) and can be granted by the probate court when properly before it.

In the instant case, appellee's action was an equitable action seeking to prevent the state from unjustly enriching itself from the money he believed the state obtained illegally. This is not a civil suit for money damages where ancillary relief of declaratory judgment, injunction or other equitable relief is sought. It is an action solely on declaratory judgment and equitable relief of preventing unjust enrichment.

We hold that the Court of Claims Act does not deny the probate court jurisdiction to hear and determine the relief sought in the within case.

The trial court's judgment granting a declaratory judgment is affirmed. In the interest of justice and judicial economy, this cause is further remanded to the probate court for a determination on whether appellee presented a proper issue for equitable relief of reimbursement to prevent unjust enrichment [1] and to grant relief accordingly consistent with this opinion.

*Judgment affirmed*
*and cause remanded.*

DYKE, C.J., HARPER and PRYATEL, JJ., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.

---

1. The issue of attorney fees and interest is improper before that court and is not to be heard on remand.