RAVIDA, Appellee,

v.

GUNTON CORPORATION, Appellee;  Administrator,
Bureau of Workers' Compensation, Appellant.

[Cite as *Ravida v. Gunton Corp.* (2000), 139 Ohio App.3d 572.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76659.

Decided Aug. 9, 2000.

*Dworken & Bernstein* and *Patrick T. Murphy,* for appellee Anthony Ravida.

*Willacy, Lopresti & Marcovy, Aubrey B. Willacy* and *Audrey H. Davis,* for appellee Gunton Corporation.

*Betty D. Montgomery,* Attorney General, and *Fedele Desantis,* Assistant Attorney General, for appellant Administrator, Ohio Bureau of Workers' Compensation.

TERRENCE O'DONNELL, Judge.

The Bureau of Workers' Compensation appeals from a judgment of the common pleas court denying its motion for summary judgment, granting Gunton Corporation's cross-motion for summary judgment, and setting forth that Gunton is entitled to have its risk account credited to July 6, 1995, for monies that had allegedly been wrongfully paid to Anthony Ravida in connection with injuries he received in the course of his employment at Gunton.

This case concerns Gunton's effort to recover its premium payments for assessments made against it due to payment of funds to Ravida for nonallowed conditions. It is not, as Gunton alleges, an action that concerns Ravida's right to participate in the fund; it relates to the payment for Ravida's extent of disability. Since it does not relate to the claimant's right to participate in the fund, the common pleas court does not have jurisdiction to consider the matter. See R.C. 4123.512. Therefore, we agree with the administrator's contentions and reverse the judgment of the court.

The record here reveals that on April 19, 1993, Anthony Ravida injured his left knee, left hip, and low back during the course of his employment with Gunton. Ravida filed a workers' compensation claim, which the bureau initially allowed, for a torn medial meniscus and left knee sprain. The bureau subsequently paid temporary total disability benefits to Ravida for the period of June 1, 1994 to July 16, 1995.

On December 5, 1994, Ravida filed a motion to add left hip bursitis and low back strain to his claim. Subsequently, on April 18, 1995, and March 25, 1995,

Ravida filed motions to have his claim include an adjustment disorder with severe depression and chondromalacia patella. Ravida also attempted to have his claim include chondromalacia of the medial and lateral femoral condyle.

Gunton filed a motion with the bureau on March 23, 1995, to terminate temporary total benefits as of June 1, 1994. The bureau granted Ravida's motions and denied Gunton's motion to terminate compensation; Gunton appealed that decision. On March 4, 1997, a district hearing officer with the Industrial Commission of Ohio heard Gunton's appeal and a series of motions filed by Gunton and Ravida. The hearing officer denied Ravida's request to have his claim additionally allowed for adjustment disorder with severe depression, granted Gunton's request to terminate temporary total benefits for the period as of June 1, 1994, and denied Ravida's request for wage-loss compensation.

On March 21, 1997, Ravida appealed the district hearing officer's order, and, thereafter, a staff hearing officer heard the appeal. The staff officer denied Ravida's motion as to the low back strain but granted it as to the left hip bursitis and the request for additional allowance for adjustment disorder with severe depression. Further, the officer held the decision in abeyance regarding Gunton's request for termination of temporary total benefits for the period of June 1, 1994 to July 16, 1995, pending resolution of the allowance for an additional left knee condition.

Gunton filed an appeal pursuant to R.C. 4123.511(E) to the Industrial Commission, and Ravida also appealed. On June 18, 1997, the Industrial Commission refused to hear either appeal. Thereafter, Ravida appealed to the common pleas court pursuant to R.C. 4123.512, but Gunton did not appeal. Ravida next filed a complaint in common pleas court requesting that he be allowed to receive benefits for his low back pain. Gunton then filed its answer and cross-claim requesting declaratory judgment relief, and asking the court to credit its risk account for monies paid to Ravida from June 1, 1994 to July 16, 1995, because it alleged that Ravida had not been entitled to receive benefits for that period. In its answer, the BWC asserted that the court lacked jurisdiction to grant the relief sought by Gunton. On October 20, 1998, the BWC moved for summary judgment as to Gunton's cross-claim, to which Gunton responded and filed a cross-motion for summary judgment. The court granted summary judgment in favor of Gunton, and the BWC now appeals, setting forth the following assignment of error for our review:

"The trial court erred as a matter of law when it denied defendant–appellant's motion for summary judgment and granted defendant–appellee's cross-motion for summary judgment, thereby holding that it had subject matter jurisdiction to decide a cross–claim for declaratory judgment which seeks a finding that temporary total disability benefits were wrongfully paid.

"A. The trial court lacks subject matter jurisdiction to consider Gunton's cross-claim in that the wrongful payment of TT benefits is an issue as to extent of disability.

"B. The trial court lacks subject matter jurisdiction to consider Gunton's cross-claim in that it may not award money damages against a state agency."

Here, the administrator maintains that the jurisdiction of the common pleas court is limited by R.C. 4123.512(A) to a determination of the claimant's right to participate in the Workers' Compensation Fund. Further, the administrator alleges that the court lacked jurisdiction to hear Gunton's cross-claim, which sought to recover premium payments for benefits paid to Ravida. And, the administrator further argues that the temporary total benefits paid to Ravida constitute an extent-of-disability issue, which is not appealable to the common pleas court pursuant to R.C. 4123.512.

█ Gunton, however, asserts that the court does have jurisdiction over a declaratory judgment action involving Ravida's right to participate.

Thus, we are concerned with whether the trial court had subject matter jurisdiction to consider Gunton's cross-claim, which seeks recovery for premium payments for benefits paid to Ravida.

R.C. 4123.512(A) states:

"The claimant or the employer may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas * * *."

In *Felty v. AT&T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 602 N.E.2d 1141, the court stated in its syllabus:

"1. Only decisions reaching an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable * * *.

"2. Once the right of participation for a specific condition is determined by the Industrial Commission, no subsequent ruling, except a ruling that terminates the right to participate, are appealable * * *."

█ Specifically, a decision by the commission to allow or deny additional compensation for a previously allowed condition when there is no new condition is not appealable because it goes to the extent of the injury. *Id.* Additionally, the commission has exclusive jurisdiction to determine whether an employer is entitled to recovery of an overpayment due to a clerical error. *LTV Steel Co. v. Gibbs* (1996), 109 Ohio App.3d 272, 671 N.E.2d 1360.

In this case, Gunton sought a declaratory judgment seeking to have its risk account credited for payment of benefits to Ravida for claims that have since been disallowed. Since the jurisdiction of the common pleas court is limited to appeals concerning the right to participate in the fund, and not to the extent of participation, the right to have a risk account credited falls outside the scope of the court's jurisdiction.

Further, pursuant to LTV Steel, the commission has exclusive jurisdiction regarding issues concerning overpayment by an employer. Parties cannot avoid the Court of Claims' jurisdiction by attaching a prayer for declaratory relief in any monetary damage action against the state. *See Oakar v. Ohio Dept. of Mental Retardation* (1993), 88 Ohio App.3d 332, 623 N.E.2d 1296. Accordingly, the common pleas court lacked subject matter jurisdiction to consider this appeal.

"C. No actual controversy or justiciable issue exists for the trial court to enter a declaratory judgment."

The bureau asserts that Gunton's complaint for declaratory judgment is not ripe for adjudication because the court held one of Ravida's claims in abeyance pending resolution of another claim.

Gunton, however, maintains that its declaratory judgment action sought clarification of whether it had made an overpayment.

Based on the conclusion we have reached above, we do not reach the issue of ripeness.

Therefore, in accordance with our determinations, we reverse the judgment of the court and remand this cause to the common pleas court for further proceedings on the remaining claim.

*Judgment reversed*
*and cause remanded.*

ANN DYKE, A.J., and PATRICIA A. BLACKMON, J., concur.