DECISION
{¶ 1} Pursuant to App.R. 26(A), plaintiff-appellee/cross-appellant, Morning View Care Center — Fulton ("Morning View"), moves this court for reconsideration of the court's September 21, 2004 opinion and judgment entry reversing the judgment of the Franklin County Court of Common Pleas and dismissing all of Morning View's claims for lack of subject matter jurisdiction. Defendants-appellants/cross-appellees, Ohio Department of Job and Family Services ("ODJFS"), and its director and deputy director, filed a memorandum in opposition to the motion for reconsideration, which is now before the court.
 {¶ 2} In our September 21, 2004 opinion, we held that the court of common pleas lacked jurisdiction to award money damages on Morning View's claim for declaratory judgment, and also lacked jurisdiction to issue an injunction compelling ODJFS to pay such damages to Morning View. We further held that an action in mandamus is the appropriate vehicle through which a nursing home may compel statutory reimbursement. Although courts of common pleas do have jurisdiction over such original actions, we held that, in the present case, such a claim would be so inextricably intertwined with Morning View's pursuit of injunctive relief and monetary damages (issues over which the trial court does not have subject matter jurisdiction) that the claims cannot be severed one from the other. Accordingly, we determined, the court of common pleas is precluded from exercising jurisdiction over any of Morning View's claims. We dismissed the complaint on that basis.
 {¶ 3} "App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." State v. Owens (1997),112 Ohio App.3d 334, 336, 678 N.E.2d 956, dismissed, appeal not allowed, 77 Ohio St.3d 1487. However, "an application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." Ibid. Furthermore, "App.R. 26 does not provide specific guidelines to be used by an appellate court when determining whether a decision should be reconsidered or modified." Id. at 335. See, also, Matthews v. Matthews (1981),5 Ohio App.3d 140, 143, 5 Ohio OBR 320, 450 N.E.2d 278.
 {¶ 4} In Matthews, this court stated, "the test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." Ibid. See, also, Erie Ins. Exchange v. Colony Dev. Corp.
(2000), 136 Ohio App.3d 419, 421, 736 N.E.2d 950; Corporex Dev. Constr. Mgmt., Inc. v. Shook, Inc., 10th Dist. No. 03AP-269, 2004-Ohio-2715, ¶ 4.
 {¶ 5} Recapitulated, appellant's motion for reconsideration presents three arguments, as follows: (1) The court of common pleas has jurisdiction over original actions in mandamus and, because this litigation has been protracted, in the interest of "judicial expediency," this court should have remanded the matter to the court of common pleas for further proceedings in mandamus, rather than dismissing the case for lack of subject matter jurisdiction; (2) Because this court failed to dismiss appellant's complaint for lack of subject matter jurisdiction the first time the case was before us, the "law of the case" prohibits dismissal on that ground in the second appeal; and (3) This court violated the doctrine of stare decisis in failing to adhere to precedent that, according to appellant, holds that a provider may sue the state in courts of common pleas for declaratory and injunctive relief to enforce its right to reimbursement of Medicaid monies.
 {¶ 6} With respect to the first issue, appellant cites no authority for the proposition that this court should, in the interest of "judicial expediency," remand this matter to the court of common pleas to "give that court the opportunity to grant leave for amendment of the complaint to include a count in mandamus."[1] Moreover, appellant itself could have abbreviated the present litigation by long ago seeking leave to amend its complaint since, as appellant correctly points out, courts of common pleas generally do have subject matter jurisdiction in cases in which a plaintiff seeks a writ of mandamus against the state.
 {¶ 7} But even if we were to remand this case to the court of common pleas, and direct that court to allow the complaint to be amended, as we pointed out in our September 21, 2004 opinion, the lower court would still be unable to exercise jurisdiction over the petition because the same cannot be severed from the claims for declaratory judgment and injunctive relief, claims within the exclusive jurisdiction of the court of claims. Morning View CareCenter — Fulton v. Ohio Dept. of Job Family Servs., 10th
Dist. No. 04AP-57, 2004-Ohio-5436, at ¶ 18-19.
 {¶ 8} Next, appellant argues that appellee waived any jurisdictional defect when it failed to raise the same during the first appeal. Appellant further argues that the law of the case operates to prohibit this court from dismissing its complaint despite the fact that we did not do so in our disposition of the earlier appeal. First, the Supreme Court of Ohio has held, "a party cannot waive subject matter jurisdiction regardless of procedural sins." Columbus City School Dist. Bd. of Edn. v.Wilkins, 101 Ohio St.3d 112, 2004-Ohio-296, 802 N.E.2d 637, at ¶ 20, quoting Shawnee Twp. v. Allen Cty. Budget Comm. (1991),58 Ohio St.3d 14, 15, 567 N.E.2d 1007. See, also, H.R. Options,Inc. v. Zaino, 100 Ohio St.3d 373, 2004-Ohio-1, 800 N.E.2d 740, at ¶ 8. Parties to a case may not waive or bestow subject matter jurisdiction upon a court. Elkins v. Access-Able, Inc.,
10th Dist. No. 04AP-101, 2004-Ohio-4101, at ¶ 14, citingState ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997),79 Ohio St.3d 543, 544, 684 N.E.2d 72. Accordingly, that appellee did not raise the issue of subject matter jurisdiction in the previous appeal does not preclude appellee from raising the issue in the present appeal.
 {¶ 9} Appellant also apparently misapprehends the doctrine of the law of the case. Essentially, appellant contends that the doctrine precludes this court's consideration of the issue of subject matter jurisdiction. But the doctrine does not bind the reviewing court in such a manner. Rather, the doctrine provides:
[w]hen a case is remanded to a trial court, that court "may not consider the remanded case for any other purpose, may not give any other or further relief, may not review for apparent error, and may not otherwise intermeddle with it except to settle so much as has been remanded." State ex rel. Natl. Elec. Contrs.Assn. v. Ohio Bur. of Emp. Servs. (Sept. 16, 1999), 10th
Dist. No. 97APD07-895, affirmed (2000), 88 Ohio St.3d 577,728 N.E.2d 395.
State v. Maxwell, 10th Dist. No. 02AP-1271,2004-Ohio-5660, at ¶ 13. Accordingly, we are not prohibited from dismissing the complaint for lack of subject matter jurisdiction simply because a panel of this court did not do so in the prior appeal.
 {¶ 10} We now address the third and final issue raised by appellant's motion for reconsideration; that is, whether this court's decision violates the principle of stare decisis. Specifically, appellant argues that our decision impermissibly conflicts with the decisions of the Supreme Court of Ohio inOhio Academy of Nursing Homes, Inc. v. Barry (1990),56 Ohio St.3d 120, 564 N.E.2d 686; Ohio Hosp. Assn. v. Ohio Dept. ofHuman Servs. (1991), 62 Ohio St.3d 97, 579 N.E.2d 695, certiorari denied, Ohio Dept. of Human Servs. v. Ohio Hosp.Assn. (1992), 503 U.S. 940, 112 S.Ct. 1483, 117 L.Ed.2d 625; and, most recently, Santos v. Ohio Bur. of Workers' Comp.,101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441. After a considered review of these decisions, we do not perceive that our decision in the instant matter violates the principle of stare decisis.
 {¶ 11} "Under the doctrine of stare decisis, `a determination of a point of law by a court of last resort will be followed by inferior courts in subsequent cases presenting the same legal problem, even though different parties are involved in the subsequent case.'" Burzynski v. Bradley Bradley Farris Co.,L.P.A. (Dec. 31, 2001), 10th Dist. No. 01AP-782, 2001 Ohio App. LEXIS 5970, at *18, quoting Nelson v. Ohio Supreme Court
(Oct. 6, 1994) 10th Dist. No. 94APE05-624, citing Battig v.Forshey (1982), 7 Ohio App.3d 72, 454 N.E.2d 168.
 {¶ 12} In Barry, supra, a class of 150 nursing homes filed a complaint against the Ohio Department of Human Services, in which the class members sought declaratory and injunctive relief and a writ of mandamus. The basis for the complaint was that the agency violated the constitutional guarantees of due process and equal protection, and violated a federal law obligating states to set reasonable Medicaid reimbursement rates (including a portion thereof called the "Boren Amendment") when the agency reduced the ceiling for a particular Medicaid reimbursement cost center for the period of November 15, 1987 through June 30, 1988.
 {¶ 13} According to the Supreme Court of Ohio, the central issue before the court in Barry was "whether the Academy [of plaintiffs] may assert a private cause of action under Section 1983 [of Title 42, U.S. Code] for alleged violations of the Boren Amendment." Id. at 123. The court answered that question in the affirmative, holding, "Medicaid providers may bring an injunction or declaratory judgment action pursuant to Section 1983, Title 42, U.S. Code, in order to seek enforcement of their rights under Section 1396a(a)(13)(A), Title 42, U.S. Code [the Boren Amendment]." Id. at paragraph one of the syllabus. This "determination of a point of law" is not applicable to the issues placed before this court in the instant case. Thus, our decision does not run afoul of the holding in Barry.
 {¶ 14} In Ohio Hosp. Assn., the plaintiffs brought suit in the Court of Claims against the state agency after the agency promulgated a new administrative rule that violated the Boren Amendment by lowering certain Medicaid reimbursement rates solely for budgetary reasons, and without regard to the rule's effect on efficiency, economy and the quality of care. The plaintiffs asserted claims for breach of their provider agreements and an earlier settlement agreement, as well as for violations of federal and state statutory and constitutional law.
 {¶ 15} The complaint sought declaratory, injunctive and monetary relief. The monies sought were alleged to have been erroneously withheld by the agency pursuant to the unlawfully promulgated rule. The agency argued that the state is immune from liability for money damages for the promulgation of invalid administrative rules, because it had not expressly waived the same through the Court of Claims Act. The agency relied for support of its position upon the case of Reynolds v. State
(1984), 14 Ohio St.3d 68, 14 OBR 506, 471 N.E.2d 776. Therein, the Supreme Court of Ohio held:
The language in R.C. 2743.02 that "the state" shall "have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *" means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion.
Id., at paragraph one of the syllabus.
 {¶ 16} The court in Ohio Hosp. Assn. disagreed, and held that the state's waiver of sovereign immunity, pursuant to R.C.2743.02, was applicable to the relief sought and granted in that case. Specifically, the court determined that the trial court's order that the agency reimburse the plaintiff-Medicaid providers for the amounts unlawfully withheld is not an award of money damages to redress a wrong occasioned by what was ultimately determined to be the unlawful exercise of its discretion and judgment in promulgating the offensive rule, but equitable relief designed to accomplish for the plaintiffs what would have been accomplished in the normal course of events, but for the agency's enforcement of an improperly made rule. The court held that the relief sought was not damages, but rather "money claimed through specific performance of a legal duty." Id. at 105.
 {¶ 17} Quoting from the decision of the United States Supreme Court in Bowen v. Massachusetts (1988), 487 U.S. 879,108 S.Ct. 2722, 101 L.Ed.2d 749, the court noted the distinction between damages, which are monies given to a plaintiff to substitute for a suffered loss, and what the court called "specific remedies," which, "`are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled.'" OhioHosp. Assn. v. Ohio Dept. of Human Servs. (1991),62 Ohio St.3d 97, 105, 579 N.E.2d 695, quoting Maryland Dept. of HumanResources v. Dept. of Health Human Servs. (C.A.D.C. 1985),763 F.2d 1441, 1446, quoting D. Dobbs, Handbook on the Law of Remedies 135 (1973). "Thus, while in many instances an award of money is an award of damages, `[o]ccasionally a money award is also a specie remedy.'" Maryland, supra, at 1446, quoting Dobbs, supra.
 {¶ 18} The court in Ohio Hosp. Assn. determined that the monetary relief sought was in the nature of specific relief — that is, payment of specific funds of a determined amount to which a statute entitled the plaintiffs — not money to compensate the plaintiffs for whatever losses they suffered or would suffer by virtue of the state promulgating an unconstitutional rule. Thus, according to the court, the monetary relief sought was an equitable remedy, not a legal one. Therefore, the claim for money was not barred by sovereign immunity. Ohio Hosp. Assn., at 105.
 {¶ 19} Ohio Hosp. Assn. has generally been applied in cases in which the plaintiff claims the state agency has wrongfullycollected certain funds; the courts apply Ohio Hosp. Assn. to conclude that the action for wrongful collection is grounded solely in equity. See, e.g., Flanagan v. Ohio Victims of CrimeFund (Mar. 25, 2004), Ct. of Cl. No. 2003-08193-AD, 2004-Ohio-1842; Oakar v. Ohio Dept. of Mental Retardation
(1993), 88 Ohio App.3d 332, 23 N.E.2d 1296; Henley Health Carev. Ohio Bur. of Workers' Comp. (Feb. 23, 1995), 10th Dist. No. 94APE08-1216; Santos v. Ohio Bur. of Workers' Comp.,101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441. These cases treated the prayer for return of wrongfully collected funds as one seeking restitution; that is, a remedy that prevents the state from being unjustly enriched at the expense of the plaintiff, who, in good conscience, is entitled to the funds, and who can clearly trace them as rightfully belonging to the plaintiff, though they are in the defendant's possession.
 {¶ 20} The present case is more analogous to the situation where, "the plaintiff cannot ``assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant has received from him.''"Santos, supra, at ¶ 13, quoting Great-West Life Annuity Ins.Co. v. Knudson (2002), 534 U.S. 204, 213, 122 S.Ct. 708,151 L.Ed.2d 63, quoting Dobbs, Law of Remedies (2d Ed. 1993) 571, Section 4.2(1). In such a situation, "restitution is available as a legal remedy." Ibid. (Emphasis sic.)
 {¶ 21} Though appellant did not so elucidate its argument in its motion for reconsideration, we presume that appellant's reliance on Ohio Hosp. Assn. is premised upon the distinction drawn therein between money sought as an equitable remedy and that sought as a legal remedy. In our September 21, 2004 opinion, we spoke of the monetary relief appellant seeks solely in terms of a legal remedy. The reasons for this are two-fold; first, the issue of whether the monies sought are an equitable or a legal remedy was not briefed by either party in the present appeal, and second, it is our view that the monies sought do constitute a legal — not equitable — remedy. However, the motion for consideration requires that we clarify this viewpoint.
 {¶ 22} Section 2743.03(A) of the Ohio Revised Code, included within the Court of Claims Act, provides, in pertinent part:
(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code * * *. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims.
(2) If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action. This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief.
R.C. 2743.03(1)-(2).
 {¶ 23} The final sentence of section (2) of paragraph (A) means that, so long as the sole relief being sought against the state is declaratory, injunctive or otherwise equitable (that is, not damages at law), then the courts of common pleas have concurrent jurisdiction with that of the Court of Claims. RacingGuild of Ohio, Local 304 v. State Racing Comm. (1986),28 Ohio St.3d 317, 320, 28 O.B.R. 386, 503 N.E.2d 1025. If the monetary relief appellant seeks from ODJFS is solely specific and equitable, then our dismissal of appellant's claims was in error. But if the monetary relief sought is in the nature of damages, then we properly dismissed appellant's complaint for lack of subject-matter jurisdiction because, as the Supreme Court of Ohio has previously held, claims for money damages against the state are clearly within the exclusive jurisdiction of the Court of Claims, Boggs v. State (1983), 8 Ohio St.3d 15, 8 O.B.R. 84,455 N.E.2d 1286, and the Court of Claims remains the sole forum available, even where a party seeks both money damages and some form of equitable relief against the state. Friedman v. Johnson
(1985), 18 Ohio St.3d 85, 18 O.B.R. 122, 480 N.E.2d 695.[2]
 {¶ 24} "At times, creative pleading may obscure the conceptual line between damages for loss sustained and claims for a specific form of relief." Zelenak v. Indus. Comm. of Ohio,148 Ohio App.3d 589, 2002-Ohio-3887, 774 N.E.2d 769, at ¶ 15. Thus, we must look to the nature of the relief itself to determine whether the same is legal or equitable. Ibid. We must also look at the factual and legal basis for appellant's claims.Great-West Life Annuity Ins. Co. v. Knudson (2002),534 U.S. 204, 213, 122 S.Ct. 708, 151 L.Ed.2d 635, citing Reich v.Continental Cas. Co. (C.A.7, 1994), 33 F.3d 754, 756.
 {¶ 25} Monetary damages are normally associated with compensation for previous damage or injury. Veda, Inc. v. UnitedStates Dept. of Air Force (C.A.6, 1997), 111 F.3d 37, 39. They are a substitute for a specific loss. Ohio Hosp. Assn. v. OhioDept. of Human Servs. (1991), 62 Ohio St.3d 97, 103,579 N.E.2d 695. An action at law for damages has long been recognized as intended to provide monetary compensation for injury to the plaintiff's person, property or reputation, whereas an equitable action for specific relief, which may include the recovery of specific property, including monies, represents a particular entitlement or privilege, and not a substitute for the loss occasioned by some prior injury. See Bowen v. Massachusetts
(1988), 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749; OhioHosp. Assn., supra; Zelenak, supra. When equitable relief is sought, "the relief sought is the very thing to which the claimant is entitled under the statutory provision supporting the claim," and the specific remedy "is not transformed into a claim for damages simply because it involves the payment of money."Zelenak, supra, at ¶ 18, citing Henley Health Care v. OhioBur. of Workers' Comp. (Feb. 23, 1995), 10th Dist. No. 94APE08-1216.
 {¶ 26} As we noted earlier, the present case is not one in which it is alleged that the state agency wrongfully collected monies pursuant to an invalid administrative rule (as in OhioHosp. Assn. and in Henley Health Care) or pursuant to an unconstitutional statute (as in Santos) or in violation of a statute of limitation (as in Oakar). See, also, Judy v. OhioBur. of Motor Vehicles (Dec. 31, 2001), 6th Dist. No. L-01-1200 (pursuit of return of driver's license reinstatement fees improperly collected due to agency's erroneous interpretation of statute is pursuit of equitable remedy.)
 {¶ 27} Rather, it is alleged here that ODJFS abused its discretion in determining the appropriate rate adjustment for fiscal year 1999, pursuant to Ohio Adm. Code5101:3-3-24(D).[3] In Ohio Hosp. Assn., Henley,Santos, Oakar and Judy, simple review of the facts of the complaint and the language of the applicable statute yielded certainty as to the particular, identifiable funds to which the claimant was entitled. Here, the dispute between Morning View and ODJFS centers upon the agency's use (or abuse) of its sole discretion in evaluating the abundant fiscal and cost information submitted with Morning View's rate adjustment request, and determining the amount of rate adjustment to which Morning View had ultimately demonstrated itself entitled. This is a situation in which Morning View may be able to show just grounds for recovering money representing the difference between the rate adjustment to which it was entitled for fiscal year 1999 and that awarded to it through an abuse of discretion on the part of ODJFS. However, it cannot assert right or title to possession of any particular property in the possession of ODJFS. Thus, in our view, the monetary relief Morning View seeks is legal — not equitable — in nature, and, for all of the reasons expressed herein and in our prior opinion, the court of common pleas cannot exercise jurisdiction over such a claim against the state.
 {¶ 28} Therefore, finding our decision in Morning View CareCenter — Fulton v. Ohio Dept. of Job Family Servs., 10th
Dist. No. 04AP-572004-Ohio-5436, is supported by law and does not contain an obvious error or raise an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been, we deny Morning View's motion for reconsideration.
Motion for reconsideration denied.
Petree and Klatt, JJ., concur.
[1] Motion for Reconsideration, at 6.
[2] If such actions could be maintained, "any party wishing to avoid the Court of Claims, for whatever reason, would simply have to attach a prayer for declaratory relief onto his request for monetary damages or injunctive relief. This type of "forum-shopping" is not what was envisioned when the Court of Claims was established; rather, the exceptions to its exclusive jurisdiction should be strict and narrow." Friedman, supra, at 87-88.
[3] That paragraph provides that a facility's rate may be increased by ODJFS "in its sole discretion." (Emphasis added.)