[Cite as *Victorian's Midnight Cafe L.L.C. v. Goodman*, 2016-Ohio-7947.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Victorian's Midnight Café LLC dba The Shrunken Head et al., | : | |
| | : | |
| Plaintiffs-Appellants, | : | No. 16AP-177 |
| | : | (C.P.C. No. 15CV-5836) |
| v. | : | (ACCELERATED CALENDAR) |
| David Goodman et al., | : | |
| Defendants-Appellees. | : | |
| | : | |

# D E C I S I O N

## Rendered on November 29, 2016

**On brief:** *Law Offices of James P. Connors*, and *James P. Connors*, for appellants. **Argued:** *James P. Connors*.

**On brief:** *Michael DeWine*, Attorney General, and *Aaron Johnston*, for appellees. **Argued:** *Aaron Johnston*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Victorian's Midnight Café LLC dba The Shrunken Head, Kristen Venrick, and Andreas Kleinert, plaintiffs-appellants, appeal from a judgment of the Franklin County Court of Common Pleas, in which the trial court granted the motion to dismiss filed by David Goodman and the Ohio Department of Commerce ("department"), defendants-appellees.

{¶ 2} The Shrunken Head is a business owned by Venrick and Kleinert. Jerome Freeman briefly worked at The Shrunken Head.

{¶ 3}   In June 2012, the department and Goodman, the director, filed an action in the Franklin County Municipal Court against appellants as the assignee of Freeman for unpaid wages in violation of the Fair Wages Standards Act, R.C. 4111 ("municipal court action"). On October 23, 2014, shortly before the trial began on the matter, the parties allegedly reached a settlement. The following day, the parties discussed the terms and drafting of a "proposed" settlement agreement in an email exchange. However, appellants claim the proposed settlement submitted by appellees did not comport with the agreed on terms. The parties never settled the matter. The department eventually prevailed in the action and, on December 1, 2015, the municipal court entered judgment against appellants in the amount of $8,212.50.

{¶ 4}   On July 9, 2015, appellants filed an action against appellees in the Franklin County Court of Common Pleas seeking a declaratory judgment that appellees were bound by the October 2014 agreement and specific performance under the agreement. On August 12, 2015, appellants filed an amended complaint in which appellants attempted to clarify that they sought only declaratory judgment and specific performance but not monetary damages. On August 27, 2015, appellants filed another amended complaint, in which they further attempted to clarify they sought only declaratory judgment and specific performance but not monetary damages.

{¶ 5}   On September 4, 2015, appellees filed a motion to dismiss appellants' complaint, pursuant to Civ.R. 12(B)(1), claiming the department, as an instrumentality of the state, may be sued for monetary damages only in the Court of Claims of Ohio. Appellees also argued that Goodman was an employee of the state entitled to immunity. Thus, appellees claimed the common pleas court lacked subject-matter jurisdiction.

{¶ 6}   On February 10, 2016, the trial court issued a decision and entry granting appellees' motion to dismiss. The court found the Court of Claims had original and exclusive jurisdiction to determine whether Goodman, as the director of the department, had personal immunity and whether the common pleas court had jurisdiction over the civil action. The court further found that the Court of Claims had original and exclusive jurisdiction over appellants' claims seeking attorney fees and costs against the department. The court held that the complaint sounded in breach of contract and may subject the state to paying a monetary award to place appellants in the position in which

they would have been absent the department's alleged breach. Appellants appeal the judgment of the trial court, asserting the following assignment of error:

> The trial court erred by dismissing this action for equitable and declaratory relief pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction.

{¶ 7} Appellants argue in their assignment of error that the trial court erred when it dismissed their action pursuant to Civ.R. 12(B). In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court determines whether the claim raises any action cognizable in that court. *Brown v. Levin*, 10th Dist. No. 11AP-349, 2012-Ohio-5768; *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. However, in making a determination regarding subject-matter jurisdiction, "[t]he trial court is not confined to the allegations of the complaint," and "it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus. Subject-matter jurisdiction involves " 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Robinson* at ¶ 5, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. We apply a de novo standard when we review a trial court's ruling on a Civ.R. 12(B)(1) motion to dismiss. *Id.*, citing *Hudson v. Petrosurance*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12.

{¶ 8} In the present case, appellants first argue the trial court improperly found its action for declaratory judgment and specific performance was actually a breach of contract action for monetary damages within the sole jurisdiction of the Court of Claims. The Court of Claims is a court of limited jurisdiction that has exclusive, original jurisdiction over claims brought against the state as a result of the state's waiver of immunity in R.C. 2743.02. "R.C. 2743.02(A)(1) makes clear that the Court of Claims has jurisdiction to render judgment only as to those complaints which, prior to the enactment of the Court of Claims Act, were precluded by state immunity. Thus, where the state has previously consented to be sued, the Court of Claims lacks jurisdiction." *Stauffer v. Ohio Dept. of Transp.*, 63 Ohio App.3d 248, 251 (10th Dist.1989).

{¶ 9} The Court of Claims has exclusive jurisdiction over civil actions against the state for monetary damages that sound in law. *Windsor House, Inc. v. Ohio Dept. of Job*

*& Family Servs.*, 10th Dist. No. 11AP-367, 2011-Ohio-6459, ¶ 15; *Cullinan v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-208, 2012-Ohio-4836, ¶ 6. On the other hand, it generally lacks jurisdiction over declaratory judgment actions because, prior to the state waiving immunity, parties were permitted to bring declaratory judgment actions against the state in the courts of common pleas. *Tiemann v. Univ. of Cincinnati*, 127 Ohio App.3d 312, 318 (10th Dist.1998), citing *Racing Guild of Ohio, Loc. 304 v. State Racing Comm.*, 28 Ohio St.3d 317 (1986).

{¶ 10} However, "[n]ot every claim for monetary relief constitutes 'money damages.' * * * Unlike a claim for money damages where a plaintiff recovers damages to compensate, or substitute, for a suffered loss, equitable remedies are not substitute remedies, but an attempt to give the plaintiff the very thing to which [he] was entitled. * * * Such remedies represent a particular privilege or entitlement, rather than general substitute compensation." *Interim HealthCare of Columbus, Inc. v. Ohio Dept. of Admin. Servs.*, 10th Dist. No. 07AP-747, 2008-Ohio-2286, ¶ 15. "An action at law for damages has long been recognized as intended to provide monetary compensation for injury to the plaintiff's person, property or reputation, whereas an equitable action for specific relief, which may include the recovery of specific property, including monies, represents a particular entitlement or privilege, and not a substitute for the loss occasioned by some prior injury." *Morning View Care Ctr.—Fulton v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 04AP-57, 2004-Ohio-6073, ¶ 25.

{¶ 11} "A suit that seeks the return of specific funds wrongfully collected or held by the state is brought in equity. Thus, a court of common pleas may properly exercise jurisdiction over the matter as provided in R.C. 2743.03(A)(2)." *Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, syllabus. "Cases in which a plaintiff claims a state agency has wrongfully collected certain funds are characterized generally as claims for equitable restitution. * * * Similarly, a claim that seeks to require a state agency to pay amounts it should have paid all along is a claim for equitable relief, not monetary damages." *Interim HealthCare* at ¶ 17.

{¶ 12} In the present case, appellants argue the trial court erred when it found their inclusion of a request for attorney fees and costs in the prayer for relief constituted a claim for damages. Appellants claim that any "damages" to be awarded in the form of fees and costs are merely incidental to the equitable relief and do not constitute damages, and

they include primarily legal fees and expenses incurred once appellees reneged on the settlement agreement and repudiated it. Appellants claim they were forced to proceed with the action to obtain equitable relief, and their request for fees and costs in the prayer for relief does not transform the action into one for monetary damages. Similarly, appellants argue that the trial court erred when it found the complaint sounded in breach of contract, as they made no claims for damages. Appellants point out that they twice amended their complaint to remove any references to claims for monetary damages and requested only equitable relief via declaratory relief and specific performance.

{¶ 13} We disagree with appellants' arguments. Although appellants concededly sought to clear their second amended complaint of any references to damages and breach of contract that they included in the prior two complaints, their claims remain legal breach of contract claims thinly cloaked in claims for equitable relief. What appellants essentially seek is a court declaration that the department breached their contract and an award of damages for such breach, which amounts to a standard breach of contract claim. *See Flaim v. Med. College of Ohio*, 10th Dist. No. 04AP-1131, 2005-Ohio-1515, ¶ 12 (the essential elements of a breach of contract claim are a contract, performance by the plaintiff, breach by the defendant, and resultant damage to the plaintiff).

{¶ 14} Under the factual allegations in the complaint, appellants claimed that, "Goodman and Commerce breached the agreement by refusing to dismiss the action which they filed in Case No. 2012 CVH 021495 with prejudice, by refusing to release the plaintiffs or to sign a release of their claims against the plaintiffs, and, further, by insisting on new and different terms including a release of claims by the plaintiffs, and, finally, by violating and refusing to honor confidentiality. * * * They further breached the agreement by insisting on having additional hearings and a trial in the municipal court case, and by further disclosing the settlement terms in court on several occasions." (Aug. 27, 2015 Am. Compl. at ¶ 7.) Appellants also alleged that, "defendants breached the settlement agreement as described in detail above." (Aug. 27, 2015 Am. Compl. at ¶ 8.) Furthermore, under the section that included claims for declaratory judgment and specific performance, appellants alleged that "they have breached and repudiated the settlement agreement, and that the plaintiffs are no longer obligated to perform under the agreement." (Aug. 27, 2015 Am. Compl. at ¶ 9.) The claims raised in the complaint are clearly breach of contract

claims—the same breach of contract claims raised in the first two complaints, albeit in different, more carefully selected language.

{¶ 15} As for the damages sought, in the prayer section of the complaint, appellants requested "that judgment be granted in their favor on all claims against defendants David Goodman and the Department of Commerce, jointly and severally, for declaratory and equitable relief as noted above; and their reasonable costs and attorneys' fees, and whatever further relief the Court deems just and appropriate." (July 9, 2015 Compl. at ¶ 11.) Although appellants do not specify in their complaint the true nature of the costs and attorney fees they seek, they did explain in their memorandum contra appellees' motion to dismiss what they actually seek in terms of damages and attorney fees:

> Any "damages" to be awarded are merely incidental to the equitable relief and do not constitute damages *per se*, including primarily the legal fees and expenses incurred once the defendants reneged on the settlement agreement and repudiated it. The consequence of these decisions is that the plaintiffs were forced to proceed with this action to obtain the equitable relief, and there is some expense to this effort obviously. This does not transform this action into one for monetary damages.
>
> * * *
>
> The request for monetary relief is incidental to the equitable relief and includes the legal fees and expenses incurred with defendants' breach and repudiation of the settlement agreement, which are not considered to be damages per se.

(Sept. 21, 2015 Memo Contra Defs.['] Mot. to Dismiss First Am. Compl. at 3, 8.) Thus, what appellants seek in the present case are damages caused by the department after they allegedly reneged on their agreement, and these damages include attorney fees and costs incurred in having to continue to defend the municipal court action. This court has found that attorney fees flowing from the breach of a settlement agreement are compensatory damages. *See Shanker v. Columbus Warehouse Ltd. Partnership*, 10th Dist. No. 99AP-772 (June 6, 2000) (holding that when a party breaches a settlement agreement to end litigation, and the breach causes a party to incur attorney fees in continuing litigation, those fees are recoverable as compensatory damages in a breach of settlement claim).

{¶ 16} We addressed these types of damages in the context of a declaratory judgment action in *Cullen v. Ohio Dept. of Rehab. & Corr.*, 125 Ohio App.3d 758 (10th Dist.1998). In that case, an inmate's estate filed a medical negligence action in the Court of Claims against the state based on the medical treatment provided by Dr. Craig Cullen, among others. Based on the belief that Dr. Cullen was an independent contractor employed by a company that provided physicians to the prison, the inmate's estate filed the action in the common pleas court against Dr. Cullen, among others. Dr. Cullen requested a declaratory judgment against the state for indemnification, a determination that he should be considered an employee of the state, and for costs, expenses, and attorney fees for his defense of the medical negligence claims. The common pleas court found Dr. Cullen to be a state employee entitled to representation but found it did not have jurisdiction to determine whether these state employees were acting outside the course and scope of their employment. The common pleas court sent the case to the Court of Claims as to Dr. Cullen's personal immunity, but the Court of Claims found it did not have jurisdiction and returned the case to the common pleas court. The inmate's estate dismissed Dr. Cullen with prejudice, and after other dismissals and settlements, the common pleas court eventually terminated the case.

{¶ 17} Dr. Cullen then pursued an action in the Court of Claims against the state seeking to be reimbursed for costs and attorney fees he incurred while defending himself in the medical malpractice action that had been brought in the common pleas court. The Court of Claims granted the state summary judgment, ignoring the prior ruling of the common pleas court that Dr. Cullen was a state employee entitled to representation.

{¶ 18} On appeal, this court found that Dr. Cullen's declaratory judgment action in the common pleas court was for more than just equitable or injunctive relief. We found that Dr. Cullen's action included a specific request for monetary relief. We concluded that Dr. Cullen's request for indemnification of costs and attorney fees from the state in the declaratory judgment action was actually a claim for monetary damages that took the action out of the jurisdiction of the common pleas court and placed it solely in the exclusive jurisdiction of the Court of Claims. Thus, the common pleas court lost jurisdiction once Dr. Cullen filed his cross-claim for declaratory judgment and monetary damages, and its prior holding that Dr. Cullen was a state employee was void and without legal efficacy.

{¶ 19} Accordingly, our decision in *Cullen* makes clear that an action for declaratory judgment that includes a request for indemnification of attorney fees and costs already incurred is a claim for monetary damages that takes the action out of the jurisdiction of the common pleas court. In the present case, appellants have acknowledged that what they were seeking in their complaint was more than just equitable relief. Appellants seek the indemnification of attorney fees and costs already incurred in the prior municipal court proceedings, which are considered compensatory money damages. Therefore, appellants' claim for monetary damages against the state could only be brought in the Court of Claims, pursuant to R.C. 2743.03, as the Court of Claims has exclusive, original jurisdiction in all civil suits for monetary damages, even when relief such as an injunction or declaratory judgment is sought. *See Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97, 103 (1991). Thus, the trial court did not err when it found that it lacked jurisdiction over appellants' complaint in this case.

{¶ 20} Appellants next argue that the trial court erred when it found it lacked jurisdiction to address the claims against Goodman. In its decision, the trial court found that, because Goodman's actions occurred during his employment as director of the department, Goodman qualified for immunity under R.C. 9.86. However, insofar as appellants alleged that Goodman's actions occurred manifestly outside the scope of his employment or official responsibilities, the trial court found the Court of Claims had exclusive jurisdiction to determine if Goodman was entitled to personal immunity pursuant to R.C. 2743.02(F).

{¶ 21} R.C. 9.86 provides, in pertinent part:

> Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶ 22} R.C. 2743.02(F) provides, in pertinent part:

> A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the

scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.

{¶ 23} Here, appellants contend that they did not assert that Goodman was acting outside of his official responsibilities but, rather, that Goodman lacks state employee immunity because he brought the original municipal court case as an assignee of Freeman, who does not have immunity, and asserted wage claims for Freeman in trust for his sole benefit; thus, appellants argue, Goodman stands in the shoes of Freeman as an individual and not as a state official or employee. Appellants argue that Goodman should fulfill his general duty under the agreement by complying with and honoring the settlement agreement.

{¶ 24} Appellants' arguments are both novel and confusing, and appellants' explanations at oral argument before this court only served to muddy their legal theory. Appellants conceded at oral argument that they are not seeking an action against Goodman in his official capacity, but they would not commit to whether they were seeking the action against him in his personal capacity. Appellants indicated they were not concerned with what capacity Goodman was acting in because they are not seeking from him monetary damages in his official capacity but seek only specific performance.

{¶ 25} Notwithstanding that we have already found that appellants' action is one for monetary damages, and that appellants specifically sought judgment against Goodman and the department jointly and severally in their complaint, appellants fail to cite any authority for their unique legal proposition that somehow Goodman was acting in some unspecified capacity when he brought the action in municipal court as an assignee of Freeman. Appellants brought the present declaratory action against Goodman for actions he undertook while acting as a public officer or employee of the state of Ohio,

specifically, director of the department. Therefore, Goodman brought the action in municipal court, entered into settlement negotiations with appellants, and decided not to enter into the proposed settlement agreement with appellants pursuant to his duties as director. Appellants' complaints seem to, at least tacitly, agree that Goodman, as the director of the department, could take an assignment of wage claim in trust for an employee and bring a legal action to collect the claim pursuant to R.C. 4111.10. Thus, if Goodman were bringing the action in his official capacity under that statute, as he seemed to be, he would qualify for immunity unless he were somehow acting outside of his official responsibilities. Whether he was bringing the action as an "assignee" of Freeman is irrelevant, as he was still acting in his official capacity as director in bringing the action.

{¶ 26} Nevertheless, we agree with the trial court that Goodman qualifies as an official or employee of the state under R.C. 9.86, and insofar as appellants may be seeking a finding that Goodman was acting outside the scope of his employment—or maliciously, in bad faith, or in a wanton and reckless manner—when he allegedly entered into the settlement agreement with appellants, R.C. 2743.02(F) requires that the Court of Claims initially make such determination which, in turn, determines jurisdiction. Appellants have not sought this determination from the Court of Claims and must do so before attempting to bring the present action. Thus, the trial court did not err when it granted appellees' Civ.R. 12(B)(1) motion to dismiss for lack of jurisdiction as to Goodman.

{¶ 27} For the foregoing reasons, we find the trial court properly granted appellees' motion to dismiss pursuant to Civ.R. 12(B)(1). Appellants' assignment of error is overruled.

{¶ 28} Accordingly, appellants' single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

_____