THE STATE, EX REL. INLAND DIVISION, GENERAL MOTORS CORPORATION, *v.* COLLINS ET AL.

(No. 85AP-471—Decided October 7, 1986.)

*Smith & Schnacke, Thomas P. Whelley II* and *Steve C. Carr,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Jenice R. Golson,* for respondents Bureau of Workers' Compensation et al.

REILLY, J. This original action in mandamus was referred to a referee, who rendered a report and recom-

mended that the writ of mandamus be granted. He specifically recommended that the Industrial Commission issue an order finding that relator was not improperly overpaid for reimbursement of a violation of a specific safety requirement ("VSSR") award, and that relator is entitled to continued reimbursement for monies paid as a result of the VSSR award based upon the handicap reimbursement previously granted to relator.

Respondent Industrial Commission filed objections to the referee's report and the case was submitted to the court on briefs. Whereupon, the court adopts the first four pages of the referee's report and modifies the remainder by the following opinion based upon the evidence and the briefs.

The record and the referee's report show that the respondent-claimant, Joe Ethel Collins, was injured on July 15, 1971 during the course of and arising out of her employment with relator when she fell into a hole. Respondent's claim for compensation and benefits was allowed for "trochanteric bursitis, herniated nucleus pulposus, aggravation of pre-existing arthritis." Respondent subsequently filed an application for an additional VSSR which, following a hearing, the Industrial Commission granted on October 28, 1974 by an order awarding respondent fifty percent of the maximum weekly rate. Then, respondent filed a motion for permanent and total disability. The Industrial Commission granted respondent's motion on March 1, 1976.

Relator filed an application for handicap reimbursement on March 9, 1976, alleging that respondent-claimant's pre-existing arthritis was aggravated by her accident. Following a hearing, the Industrial Commission allowed the reimbursement, stating in pertinent part:

"It is, therefore, ordered that 50% of the cost of this claim be charged to the Statutory Surplus Fund and the applicant, a self-insuring employer, be reimbursed from the said fund in accordance with this order; however, this order does not apply to the payment of temporary partial compensation, permanent partial compensation under Paragraph B, or lump sum settlement."

On May 2, 1983, in an Industrial Commission interoffice communication, it was noted that:

"Employer has been reimbursed for a VSSR award from the beginning of the claim to date. He [*sic*] is not entitled to be reimbursed for it.

"* * *

"We reimbursed 50% under [R.C.] 4123.343 = [$] 7594.00. Employer owes the surplus fund [$] 7594.00. Per Mr. Roach, Ltadj should put an order on this."

A hearing on the issue of the alleged overpayment was held on July 22, 1983. The district hearing officer issued an order finding that relator-employer had been reimbursed in error for fifty percent of a VSSR award from the beginning of the claim to date. The hearing officer further found the overpayment amount to be $7,594. Relator appealed throughout the administrative levels and now brings this mandamus action contending that respondent Industrial Commission abused its discretion by finding that a handicap reimbursement award order, pursuant to R.C. 4123.343, did not apply to monies paid to a claimant as a result of an additional award for violation of a specific safety requirement.

The first issue presented by this action is whether the handicap reimbursement provisions apply to VSSR awards. This is essentially a policy issue requiring a balancing of the purpose and goals of both the handicap reimbursement provision and the VSSR provision. R.C. 4123.343, the

statute allowing for handicap employee reimbursement, provided (see 138 Ohio Laws, Part II, 3444, 3481):

"This section shall be construed liberally to the end that employers shall be encouraged to employ and retain in their employment handicapped employees as defined in this section.

"* * *

"(B) Under the circumstances set forth in this section all or such portion as the commission shall determine of the compensation and benefits paid in any claim arising hereafter shall be charged to and paid from the statutory surplus fund created under section 4123.34 of the Revised Code and only the portion remaining shall be merit-rated or otherwise treated as part of the accident or occupational disease experience of the employer. If the employer is a self-insurer, the proportion of such costs whether charged to such statutory surplus fund in whole or in part shall be by way of direct payment to such employee or his dependents or by way of reimbursement to the self-insurer as the circumstances shall indicate. The provisions of this section are applicable only in cases of death, total disability, whether temporary or permanent, and all disabilities compensated under division (C) of section 4123.57 of the Revised Code. * * *"

The express purpose of this provision is to encourage employers to employ and retain handicapped employees.

The VSSR provisions are found in Section 35, Article II, of the Ohio Constitution, wherein it is stated:

" * * * Laws may be passed establishing a board which may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such fund according to such classification, and to collect, administer and distribute such fund, and to determine all rights of claimants thereto. * * * When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards; and, if such compensation is paid from the state fund, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed, as will recoup the state fund in the amount of such additional award, notwithstanding any and all other provisions in this constitution."

The additional award occasioned by a VSSR is in the nature of a penalty to the employer. The purpose of the provision is to impose such penalty upon the employer who failed to comply with a specific lawful requirement. *State, ex rel. Whitman,* v. *Indus. Comm.* (1936), 131 Ohio St. 375, 379, 6 O.O. 88, 89, 3 N.E. 2d 52, 53; *State* v. *Ohio Stove Co.* (1950), 154 Ohio St. 27, 37, 42 O.O. 117, 122, 93 N.E. 2d 291, 297.

To allow the state to reimburse the employer for fifty percent of the compensation and the VSSR award is to have the state pay fifty percent of the VSSR award. The state, in effect, is paying fifty percent of a penalty which is, by constitutional provision, to be assessed against the employer. This is an unreasonable result, considering the purpose of the VSSR provision.

Accordingly, we find the handicap reimbursement provision contained in R.C. 4123.343 does not apply to VSSR awards.

The final issue presented by this mandamus action is whether the Industrial Commission has jurisdiction to

modify the award and collect the overpayment from the beginning of the claim. Relator maintains that R.C. 4123.52 prohibits the commission from modifying an award for any reason in excess of two years. R.C. 4123.52 provides:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury * * *, and the commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. * * *''

Courts have generally held in construing this provision that the commission's power to modify past awards is quite limited. See *State, ex rel. Martin,* v. *Connor* (1984), 9 Ohio St. 3d 213, 9 OBR 523, 459 N.E. 2d 889; *State, ex rel. Johnson,* v. *Cooper Industries, Inc.* (Aug. 30, 1983), Franklin App. No. 82AP-703, unreported.

Nonetheless, there are situations where the commission is able to exercise its continuing jurisdiction and order recoupment of overpaid sums. *State, ex rel. Weimer,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 159, 16 O.O. 3d 174, 404 N.E. 2d 149. As this court stated in the syllabus of *State, ex rel. Highway Co.,* v. *Indus. Comm.* (1980), 70 Ohio App. 2d 41, 24 O.O. 3d 37, 434 N.E. 2d 279:

"The Industrial Commission has discretion to determine whether there is evidence of fraud, new or changed circumstances occurring subsequent to an order, or a mistake prejudicing one of the parties, prior to the exercise of its continuing jurisdiction pursuant to R.C. 4123.52 to change an order which has become final."

In this case, there was an error prejudicing the state, which authorizes the commission to exercise its jurisdiction pursuant to R.C. 4123.52. The employer was mistakenly reimbursed for fifty percent of the VSSR award. The commission, thus, has authority to recoup the reimbursed monies and modify its order to exclude the VSSR award from the handicap reimbursement.

For these reasons, relator's requested writ of mandamus is denied.

*Writ denied.*

McCORMAC and AMMER, JJ., concur.

AMMER, J., of the Pickaway County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.