**LTV STEEL COMPANY, Appellant,**

**v.**

**GIBBS, Appellee.**

[Cite as *LTV Steel Co. v. Gibbs* (1996), 109 Ohio App.3d 272.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69068.

Decided Feb. 12, 1996.

*Willacy & LoPresti,* and *Aubrey B. Willacy,* for appellant.

*Day, Ketterer, Raley, Wright & Rybolt, Craig G. Pelini,* and *Cari Fusco Evans,* for appellee.

PORTER, Judge.

Appellant-employer LTV Steel Company appeals from the trial court's dismissal of its complaint "without prejudice" against appellee Richard P. Gibbs for lack

of subject matter jurisdiction on the employer's claim to recover for workers' compensation benefits mistakenly paid to appellee's client, claimant Kenneth L. Brown. Appellant contends that the trial court had jurisdiction to hear its common law claims to recover monies paid by mistake and fraudulently converted by appellee. Appellant also asserts it was entitled to summary judgment on its claim. We find no error and affirm the dismissal for lack of jurisdiction.

Appellee Gibbs was the attorney for claimant Brown in a workers' compensation claim filed against appellant. On January 8, 1993, the Canton Regional Board of Review affirmed a prior order of the Industrial Commission's district hearing officer finding that Brown was entitled to receive temporary total disability from self-insurer LTV for the time periods of February 15, 1988 through February 22, 1990 and February 12, 1991 through July 1, 1992. The commission's order denied compensation for the interim period from February 23, 1990 through February 11, 1991 due to claimant's incarceration during that time. The commission's order did not specify the amount to be paid and required appellant to calculate the amount based on a percentage of his average weekly earnings. Appellant improperly calculated the amount and overpaid Brown, leading to a claim for recoupment herein.

As counsel for Brown, Gibbs submitted a commission form "C–230" which authorized Gibbs to receive the check issued by LTV to Brown. It was Gibbs's responsibility to receive the check and pass the money on to his client after deducting the amount for his attorney fee. When Gibbs received the check payable to Brown from LTV in the sum of $51,319.60, he realized that an overpayment had been made. LTV contends the check mistakenly included $15,319.60 for the period Brown was incarcerated and ineligible for benefits and $2,637.82 previously overpaid.

Based on his personal belief that the overpayment should be returned to LTV, Gibbs advised his client that an overpayment had been made and that LTV should be so notified. Brown, the sole payee of the check, directed Gibbs not to inform LTV of the overpayment. Brown threatened Gibbs that he would sue him if he failed to turn over the amounts paid by LTV. Because the check was made payable solely to Brown, Gibbs was concerned whether he could retain the amount paid and whether he was permitted to notify LTV of the overpayment.

Based on Gibbs's concerns regarding how to proceed, he contacted the Stark County Bar Association Ethics Committee for advice. Appellee Gibbs was advised by members of the committee that, in the face of his client's opposition, he was not permitted under ethical codes to disclose to LTV that an overpayment had been made. Consistent with the advice of the Ethics Committee, Gibbs obtained Brown's endorsement, deposited the check in his trust account and issued a check to his client for the entire amount less Gibbs's one-third contingen-

cy fee for legal services rendered. Gibbs apparently refused to take any fee based on the calculated overpayment and reduced his fee accordingly by agreement with Brown.

LTV did not discover its error in calculating the amount due to Brown until a year after the payment of those funds in the course of a routine audit. LTV recovered $3,348 of the total amount overpaid to Brown through its reduction of additional benefits owed to Brown.

On September 28, 1994, LTV commenced the instant action against Brown and Gibbs. In the absence of any answer by Brown, default judgment was entered against him. LTV moved for partial summary judgment against Gibbs on liability and compensatory damages. Gibbs responded by his own motion for summary judgment, contending that the court lacked jurisdiction. The trial court granted Gibbs's motion and denied LTV's motion, from which this appeal was timely taken.

We will address appellant LTV's assignments of error in the order asserted.

"I. It is prejudicial error for a court of common pleas to grant summary judgment to a defendant attorney on the basis of 'lack of jurisdiction' when that court has jurisdiction over the two common-law claims pleaded against him; viz., that said attorney has (1) received money paid by mistake and (2) fraudulently converted same to his own use."

In essence, LTV is seeking recoupment of $14,609.42 which it alleges was overpaid to Brown in temporary total disability benefits under workers' compensation laws. We agree with appellee Gibbs that the trial court was without jurisdiction to adjudicate the matter.

The jurisdiction of the court of common pleas in workers' compensation matters is statutory in origin. *Breidenbach v. Mayfield* (1988), 37 Ohio St.3d 138, 140, 524 N.E.2d 502, 503 ("Courts of common pleas do not have inherent jurisdiction in workmen's compensation cases but only such jurisdiction as is conferred on them under the provisions of the Workmen's Compensation Act"). R.C. 4123.519 states that "[t]he claimant or the employer may appeal a decision of the Industrial Commission * * * other than a decision as to the extent of disability, to the court of common pleas * * *." This has been construed to mean that the appellate jurisdiction of the common pleas court is strictly limited to a determination as to a claimant's right to participate in the fund. *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 237–238, 602 N.E.2d 1141, 1144–1145; *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of syllabus. Appellant LTV seeks to avoid this jurisdictional limitation by arguing that its claim for recoupment of an overpayment of benefits is based on

traditional common law causes of action of which the trial court has original jurisdiction.

However, the continuing jurisdiction of the commission extends to claims of overpayment by an employer due to a clerical error. *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149. The commission has exclusive jurisdiction to consider whether an overpayment has been made and whether the employer is entitled to recoupment of that overpayment based on its continuing jurisdiction over past orders. R.C. 4123.52. As the court in *State ex rel. Inland Div. v. Collins* (1986), 34 Ohio App.3d 80, 83, 517 N.E.2d 247, 250–251, citing *State ex rel. Highway v. Indus. Comm.* (1980), 70 Ohio App.2d 41, 24 O.O.3d 37, 434 N.E.2d 279, held:

"The Industrial Commission had discretion to determine whether there is evidence of fraud, new or changed circumstances occurring subsequent to an order, or a mistake prejudicing one of the parties, prior to the exercise of its continuing jurisdiction pursuant to R.C. 4123.52 to change an order which has become final."

The commission has not yet considered, much less determined, whether LTV is entitled to recoupment herein.

Both parties cite *Airtron, Inc. v. Quesenberry* (Mar. 3, 1994), Cuyahoga App. No. 64738, unreported, 1994 WL 66257, in support of their respective arguments. We find *Airtron* supports the trial court's action herein.

Airtron, the self-insured employer, attempted to recover in a common pleas action for overpayments to claimant Quesenberry, interest, punitive damages, attorney fees and costs for his fraudulent concealment and misrepresentation in receiving benefits after he returned to gainful employment. When suit was commenced, the employer had pending a claim for reimbursement from the surplus fund under R.C. 4123.515. This court affirmed the trial court's dismissal of the action for lack of subject matter jurisdiction. In *Airtron,* this court recognized that the commission, pursuant to R.C. 4123.52, had continuing jurisdiction over past findings and orders including overpayments. This court noted that R.C. 4123.52 states:

"The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modifications or changes with respect to former findings or orders with respect thereto, as, in its opinion is justified."

The *Airtron* court, based on the continuing jurisdiction of the commission, held that because the "matters had not yet been considered by the Industrial Commission * * *, the Court of Common Pleas correctly found that it had no

jurisdiction over these matters." *Airtron, supra,* at 6 (citing *Brooks v. Brost Foundry Co.* [May 2, 1991], Cuyahoga App. No. 58065, unreported, at 11–12, 1991 WL 69341). The *Brooks* decision, upon which the *Airtron* court relied, held that where issues before the commission are unresolved, the trial court lacks jurisdiction over those issues. We hold that, consistent with the principles of these cases, the trial court below correctly determined that it lacked jurisdiction to make an original determination as to whether there had been overpayments because those are matters vested, in the first instance, solely within the jurisdiction of the commission.

Since common pleas jurisdiction is limited to appeals regarding the right to participate in the fund and not the extent of participation, a right to recoup overpayments would not be within the jurisdiction of the common pleas court. LTV must seek redress from the commission and then if dissatisfied, may file a complaint for a writ of mandamus with the Tenth District Court of Appeals. *Felty, supra,* 65 Ohio St.3d at 237, 602 N.E.2d at 1144; *State ex rel. Cook v. Zimpher* (1985), 17 Ohio St.3d 236, 237, 17 OBR 474, 475, 479 N.E.2d 263, 264; *State ex rel. Hawley v. Indus. Comm.* (1940), 137 Ohio St. 332, 18 O.O. 519, 30 N.E.2d 332 syllabus. The trial court properly determined that it was without subject matter jurisdiction to consider whether LTV was entitled to recoupment of an alleged overpayment made to Brown.

█ LTV's argument that Gibbs does not have standing to raise the trial court's lack of subject matter jurisdiction is meritless. Lack of subject matter jurisdiction may be raised at any time, by any party or even by the court *sua sponte. Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 238, 2 O.O.3d 408, 409, 358 N.E.2d 536, 537; *Teramar Corp. v. Rodier Corp.* (1987), 40 Ohio App.3d 39, 41, 531 N.E.2d 721, 723. Standing is not a prerequisite to raising the issue.

In any event, LTV cannot have it both ways. On the one hand it argues that its claims against Gibbs "are independent of any workers' compensation issues [and] are not within the jurisdiction of the Industrial Commission of Ohio"; on the other hand, LTV argues that Gibbs is in "privity" with Brown and the default judgment against Brown is *res judicata* as to Gibbs. If, as LTV contends, Gibbs is in privity with Brown, he would have a derivative right to raise the jurisdictional issue just as Brown might do.

Finally, as a matter of public policy, we deem it unwise to ignore the legislative scheme which vests the commission with primary jurisdiction for the payment or overpayment of benefits, and allow employers to seek direct recoupment for overpayments from attorneys for claimants through the invocation of the original jurisdiction of the trial courts. We can see that such a device may lead to multiplicity of suits, abuse and harassment, not to mention interfering with fee arrangements and the attorney-client relationship.

Appellant's first assignment of error is overruled.

Since we have found that the trial court lacked subject matter jurisdiction to entertain appellant's complaint, it is not necessary to address Assignment of Error II, which is moot. App.R. 12(A)(1)(c).

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and NAHRA, J., concur.