OPINION
{¶ 1} This appeal is taken by the Battins from the decision of the Trumbull County Common Pleas Court, which granted the Administrator of the Bureau of Workers' Compensation's motion to dismiss the Battins' administrative appeal. The trial court determined that it lacked subject matter jurisdiction to hear the appeal from the Industrial Commission's order because the order was not one concerning the right to participate. We are asked to determine whether a decision finding overpayment due to use of the wrong rate of payment is appealable under R.C. 4123.512, which allows appeals from decisions "other than a decision as to the extent of disability." For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} In 1985, Thomas Battin sustained serious injuries in an automobile accident during the course of his employment as a Trumbull County Commissioner. Thomas was rendered semi-comatose, and he resided in an institution for eleven years. Throughout that time, Thomas received workers' compensation benefits for multiple conditions. Thomas died in October 1996.
 {¶ 3} Thereafter, his wife, Karen Battin, learned that her husband had been blind in one eye and that the accident may have caused this blindness. She then submitted a claim for workers' compensation due to this blindness on behalf of herself and her son, Reed Battin. Their claims were allowed after two appeals to this court by way of a visiting panel of judges. Battinv. Trumbull County, 11th Dist. No. 2002-T-0047, 2002-Ohio-5162, and (Apr. 24, 2001), 11 Dist. No. 2000-T-091.
 {¶ 4} On November 6, 2002, the BWC issued an order finding that Karen and her son had each been overpaid almost $30,000 because the 1985 maximum rate of $177 per week should have been used to calculate benefits rather than the 2000 rate. A District Hearing Officer and then a Staff Hearing Officer agreed that the 1985 rate should have been utilized. The Battins appealed to the Industrial Commission arguing that BWC should use the 1996 rate, which represents the date of death and discovery of lost vision, or in the alternative, the 1989 rate, which claimed to be the year of the lost vision. On June 17, 2003, the Industrial Commission refused to hear the appeal.
 {¶ 5} The Battins then filed an appeal and a complaint in the Trumbull County Common Pleas Court. The Administrator filed an answer and a motion to dismiss for lack of subject matter jurisdiction on the grounds that the trial court has no jurisdiction to hear an appeal of an issue that does not deal with the right to participate or to continue to participate. On July 2, 2004, the trial court granted the Administrator's motion and dismissed the case for lack of subject matter jurisdiction. The Battins [hereinafter appellants] filed timely notice of appeal to this court.
 ASSIGNMENT OF ERROR {¶ 6} Appellants set forth the following sole assignment of error:
 {¶ 7} "The trial court erred in dismissing appellants' appeal to the court of common pleas."
 {¶ 8} This appeal revolves around the application of the statute which gives the trial court jurisdiction to hear a workers' compensation appeal. Pursuant to R.C.4123.512(A), the claimant or the employer can appeal to the common pleas court an order of the Industrial Commission "in any injury or occupational disease case, other than a decision as to the extent of the disability * * *."
 {¶ 9} Appellants urge that under the plain language of this statute, a decision as to what date to apply for the rate of compensation is not a decision "as to the extent of disability." Rather, they claim it is a decision "other than a decision as to the extent of disability." Thus, appellants conclude that the trial court had subject matter jurisdiction to hear the appeal.
 {¶ 10} The Administrator responds by citing Supreme Court case law interpreting the "other than a decision as to the extent of disability" language in R.C. 4123.512(A) and appellate court case law applying this statute to prohibit appeal of overpayment cases.
 {¶ 11} The Supreme Court has recognized widespread confusion over application of "the extent of disability" language in R.C. 4123.512(A). Felty v. ATT Tech.,Inc. (1992), 65 Ohio St.3d 234, 236. The Court attempted to clarify the state of the case law on the matter.
 {¶ 12} In doing so the Court first noted that one can seek judicial review of Industrial Commission orders in three ways: (1) direct appeal to a trial court under R.C. 4123.519, now R.C. 4123.512; (2) filing for a writ of mandamus in the Tenth Appellate District; or (3) filing a declaratory action under Chapter 2721 of the Revised Code. Id. at 237. The Court described the direct appeal as the most limited form of review, noting that there is no inherent right to appeal these matters. Id.
 {¶ 13} The Court advised that the legislative goal was to create a workers' compensation system that largely operates outside of the court system. Id. at 237. The Court warned, "Read literally, the statute leads to the overbroad rule pronounced in O.M. Scott Sons Co.: `any order of the commission may be appealed to the court of common pleas by either party unless the order pertains to the extent of disability.'" Id., quoting O.M. Scott Sons Co. v. Indus. Comm. (1986),28 Ohio St.3d 341. See, also, Afrates v. Lorain (1992),63 Ohio St.3d 22 (overruling O.M. Scott). The Court then declared:
 {¶ 14} "The courts simply cannot review all the decisions of the commission if the commission is to be an effective and independent agency. Unless a narrow reading of R.C. 4123.519 [now R.C. 4123.512] is adhered to, almost every decision of the commission, major or minor, could eventually find its way to the common pleas court. Thus, a long line of cases, with only a few deviations along the way, led to the formulation of this now-settled precept: The only decisions of the commission that may be appealed to the courts of common pleas under R.C. 4123.519 are those that are final and that resolve an employee's right to participate or to continue to participate in the State Insurance Fund."Felty, 65 Ohio St.3d at 238.
 {¶ 15} The Supreme Court then noted confusion over the phrase "right to participate or to continue to participate." Id. They referred to their recent case ofState ex rel. Evans v. Indus. Comm. (1992),64 Ohio St.3d 236, which held that an order does not determine the right to participate unless it finalizes the allowance or disallowance of the employee's claim. Felty, 65 Ohio St.3d at 239. The Court opined that this rule set forth months before in Evans needed further explanation. Id. The Court then explained that a workers' compensation "claim" mentioned in Evans is the request to participate because of a specific work-related injury or disease. Id.
 {¶ 16} "The only action by the commission that is appealable under R.C. 4123.519 is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." Id. Stated differently, the only issue the trial court can hear is whether the employee is or is not entitled to be compensated for a particular claim. Id.
 {¶ 17} "For example, a decision by the commission to allow or deny additional compensation for a previously allowed condition when there is no new condition is not appealable because it goes to the extent of the injury — there is no new claim." Id. at 239-240. By way of another example, the Court stated that an order determining the employer's right to offset disability payments against future compensation is not appealable. Id. at 240.
 {¶ 18} "Once the right of participation for a specific condition is determined by the commission, no subsequent rulings, except a ruling to terminate the right to participate, are appealable pursuant to R.C.4123.519 [changed to R.C. 4123.512 in 1993]." Id. See, also, White v. Conrad, 102 Ohio St.3d 125, 2004-Ohio-2148, ¶ 13; State ex rel. Liposchak v. Indus. Comm. (2000),90 Ohio St.3d 276, 278.
 {¶ 19} As can be seen from the extended discussion inFelty, the statute is not to be read as urged by appellants herein. Rather, the Supreme Court has interpreted the statute differently, noting the "right to participate" language in other portions of the statute. See, e.g., R.C. 4123.512(F) and (G). See, also, Afrates, 63 Ohio St.3d at 26.
 {¶ 20} In fact, the Supreme Court has stated, "[A] decision affecting a claimant's compensation, once claimant's right to participate in the fund had previously been established, is a decision as to the extent of disability and is not appealable." State exrel. Bosch v. Indus. Comm. (1982), 1 Ohio St.3d 94, 97. When the issue is how much the system must pay to dependents, it is no longer a right to participate issue; rather, it is an extent of disability issue, which is not appealable. See Liposchak,90 Ohio St.3d at 279-280.
 {¶ 21} Finally, we note that the Administrator cited some appellate case law holding that overpayment decisions do not deal with the right to participate or to continue to participate and thus are not appealable by way of R.C 4123.512. Rather, the party claiming overpayment must seek redress through the Industrial Commission and then file for a writ of mandamus. LTVSteel Co. v. Gibbs (1996), 109 Ohio App.3d 272, 277
(in which the Eighth District held that since the right to appeal is limited to the right to participate and does not include the extent of participation, the right to recoupment of overpaid sums is not within the jurisdiction of the common pleas court). See, also,Ravida v. Gunton (2000), 139 Ohio App.3d 572, 575-576
(8th Dist.).
 {¶ 22} This is not to say that all cases involving overpayment are not appealable since some of these decisions may actually be predicated upon a finding that there is no longer a right to participate. However, the overpayment decision herein is not based upon such a finding.
 CONCLUSION {¶ 23} Based on the Supreme Court case law, a decision on whether there is overpayment due to the use of the wrong year's rate is not a decision on the right to participate or the right to continue to participate. Participation has been decided in this case, and continued participation was not foreclosed by some decision on the right to participate. Rather, appellants concede that they should not have been paid at the 2000 rate. Overpayment seemed to be undisputed; it was only the amount of overpayment in dispute, which required a decision as to what year's rate was applicable. None of these decisions involve the right to participate or to continue to participate. As such, the trial court's dismissal for lack of subject matter jurisdiction was correct.
 {¶ 24} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
Karpinski, J., concurs.