OPINION
{¶ 1} The Battins have filed this appeal from the decision of the Trumbull County Common Pleas Court, which granted the Administrator of the Bureau of Workers' Compensation's motion to dismiss the Battins' administrative appeal. This court has already held, in the Battins' prior administrative appeal, that the issue of overpayment does not concern the right to participate and thus is not appealable to the trial court under R.C. 4123.512. For the following reasons, the judgment of the trial court is affirmed.
 BACKGROUND {¶ 2} In 1985, Thomas Battin sustained serious injuries in an automobile accident during the course of his employment as a Trumbull County Commissioner. Thomas was rendered semi-comatose, and he resided in an institution for eleven years. Throughout that time, Thomas received workers' compensation benefits for multiple conditions. Thomas died in October 1996.
 {¶ 3} Thereafter, his wife, Karen Battin, learned that the accident caused her husband to suffer blindness in one eye. She then submitted a claim for workers' compensation due to this blindness on behalf of herself and her son, Reed Battin. Their claims were allowed after two appeals to this court by way of a visiting panel of judges. Battin v. Trumbull Cty., 11th Dist. No. 2002-T-0047, 2002-Ohio-5162; Battin v. Trumbull Cty. (Apr. 24, 2001), 11th Dist. No. 2000-T-091.
 {¶ 4} Then, on November 6, 2002, the Bureau of Workers' Compensation issued an order finding that Karen and her son had each been overpaid almost $30,000 because the 1985 maximum rate of $177 per week should have been used to calculate benefits rather than the 2000 rate. A District Hearing Officer and then a Staff Hearing Officer agreed that the 1985 rate should have been utilized. The Battins appealed to the Industrial Commission arguing that they should use the 1996 rate, which represents the date of death and discovery of lost vision, or in the alternative, the 1989 rate, which was claimed to be the year of the lost vision. On June 17, 2003, the Industrial Commission refused to hear the appeal.
 {¶ 5} The Battins then filed an appeal and an accompanying complaint in the Trumbull County Common Pleas Court. The Administrator filed an answer and a motion to dismiss for lack of subject matter jurisdiction on the grounds that the trial court had no jurisdiction to hear an appeal of an issue that does not deal with the right to participate or to continue to participate. On July 2, 2004, the trial court granted the Administrator's motion and dismissed the case for lack of subject matter jurisdiction. The Battins filed notice of appeal to this court.
 {¶ 6} That appeal revolved around the application of R.C.4123.512(A), which allows appeal to the trial court of an Industrial Commission decision other than a decision as to the extent of the disability. Battin v. Conrad, 11th Dist. No. 2004-T-0102, 2005-Ohio-2796, ¶ 8. We explained how the Ohio Supreme Court narrowly applies the statute to allow only appeals of decisions that resolve the right to participate or to continue to participate. Id. at ¶ 14, citing Felty v. ATT Tech., Inc.
(1992), 65 Ohio St.3d 234, 238. The only issue the trial court can hear in an appeal under R.C. 4123.512(A) is whether the claimant is or is not entitled to be compensated for a particular claim. Id. at ¶ 16, citing Felty at 239.
 {¶ 7} Hence, a decision to allow or deny additional compensation for a previously allowed condition is not appealable because it goes to the extent of the injury. Id. at ¶ 17, citingFelty at 239-240. An order concerning the right to offset disability payments, for instance, against compensation is not appealable. Id., citing Felty at 240. This is because once the right of participation for a specific condition is determined, no subsequent rulings, except a ruling to terminate the right to participate, are appealable under R.C. 4123.512. Id. at ¶ 18, quoting Felty at 240. See, also, White v. Conrad,102 Ohio St.3d 125, 2004-Ohio-2148, ¶ 13; State ex rel. Liposchak v.Indus. Comm. (2000), 90 Ohio St.3d 276, 278.
 {¶ 8} We stated that "[a] decision affecting a claimant's compensation, once claimant's right to participate in the fund had previously been established, is a decision as to the extent of disability and is not appealable." Battin at ¶ 20, quotingState ex rel. Bosch v. Indus. Comm. (1982), 1 Ohio St.3d 94,97. When the issue is how much the system must pay todependents, it is no longer a right to participate issue; rather,it is an extent of disability issue, which is not appealable.
Id., citing Liposchak, 90 Ohio St.3d at 279-280.
 {¶ 9} We also noted appellate court case law holding that overpayment decisions that do not deal with the right to participate or to continue to participate are not appealable by way of R.C. 4123.512, and we noted that some cases held that they could be challenged by way of mandamus. Id. at ¶ 21, citing LTVSteel Co. v. Gibbs (1996), 109 Ohio App.3d 272, 277; Ravida v.Gunton (2000), 139 Ohio App.3d 572, 575-576.
 {¶ 10} We concluded that a decision on the amount of overpayment due to the use of the wrong year's rate in a prior calculation is not a decision on the right to participate or to continue to participate. Id. at ¶ 23. Thus, the Industrial Commission's decision was not appealable under R.C. 4123.512(A), and the trial court's dismissal of that appeal was upheld. Id.
 STATEMENT OF THIS CASE {¶ 11} After the trial court's July 2, 2004 dismissal of the appeal that resulted in our 2004-T-0102 case, a Staff Hearing Officer issued a decision, which allowed recoupment of the overpayment from the Battins' death benefits. The Battins appealed that decision to the Industrial Commission; however, the Commission refused to hear the appeal.
 {¶ 12} On September 21, 2004, pending the appeal in 2004-T-0102, the Battins filed a notice of appeal in the trial court (again under R.C. 4123.512) from the Commission's July 2004 refusal to hear their appeal of the last decision out of the Bureau of Workers' Compensation. The notice of appeal was accompanied by a complaint, which alleged that there was no overpayment and that even if there were overpayment, it cannot be recouped from death benefits.
 {¶ 13} On October 26, 2004, the Administrator filed a motion to dismiss the appeal on various grounds. Most importantly, he claimed that these overpayment and recoupment decisions do not deal with the right to participate and thus are not appealable under R.C. 4123.512. He then stated that res judicata barred the appeal because the trial court heard the exact claim three months ago when it filed its July 2, 2004 dismissal of the prior appeal. And, he claimed that the request for a return of funds is a claim for money damages that must be filed in the Court of Claims.
 {¶ 14} The Battins responded on May 18, 2005. In response to the res judicata argument, they urged that the issue is different because the prior issue was the amount of overpayment and the proper year's rate for calculation of benefits whereas the current issue deals with the issue of whether an overpayment can be recouped through death benefits where the recoupment statute does not list death benefits as an option for recoupment. In response to the propriety of appealing the issue under R.C.4123.512(A), the Battins presented the same argument they raised in the 2004-T-0102 appeal; that the issue has nothing to do with the extent of disability and thus is appealable under the plain language of R.C. 4123.512(A).
 {¶ 15} On June 3, 2005, our decision was released in 2004-T-0102. On June 6, 2005, the Administrator filed a reply in the current case, reviewing our decision and explaining how it foreclosed the argument set forth by the Battins regarding the propriety of the appeal under R.C. 4123.512(A).
 {¶ 16} On August 3, 2005, the trial court granted the Administrator's motion to dismiss the administrative appeal. The Battins filed timely notice of appeal resulting in the present appeal.
 ASSIGNMENT OF ERROR {¶ 17} The Battins present the following assignment of error:
 {¶ 18} "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS/APPELLEES' MOTION TO DISMISS PLAINTIFFS/APPELLANTS' APPEAL AND COMPLAINT WHEN THE ISSUE PRESENTED WAS WHETHER THE INDUSTRIAL COMMISSION IS ENTITLED TO RECOUP AN OVERPAYMENT FROM DEATH BENEFITS."
 {¶ 19} First, the Battins set forth basically the same argument they used in 2004-T-0102. That is, they urge that the issue regarding whether overpayment can be recouped through death benefits is not a decision as to the extent of disability. They do not distinguish our most recent Battin case, but seem to ignore it for purposes of this argument.
 {¶ 20} True, the statute providing appellate rights from Industrial Commission decisions provides that appeal to the trial court can be taken from all decisions other than a decision as to the extent of the disability. R.C. 4123.512(A). However, as explained above, the Supreme Court has interpreted this language to mean that only decisions concerning the right to participate or to continue to participate are appealable under R.C.4123.512(A). Felty, 65 Ohio St.3d at 238. And, this court has thus held that decisions regarding overpayment that do not involve the right to continue to participate are not appealable pursuant to R.C. 4123.512(A). Battin, 11th Dist. No. 2004-T-0102 at ¶ 23.
 {¶ 21} Likewise, the issue herein regarding whether overpayment can be recouped through death benefits does not concern the right to participate or to continue to participate. As such, the trial court did not have subject matter jurisdiction to hear the appeal filed from such Industrial Commission decision.
 {¶ 22} In the alternative, the Battins point out that the recoupment statute, R.C. 4123.511, does not list death benefits as an available stream of benefits from which overpayment can be collected. Thus, they now attempt to frame their appeal to the trial court as a request for a declaratory judgment regarding their rights under the recoupment statute.
 {¶ 23} They rely on the portion of our prior Battin
decision that explained the three ways listed by the Supreme Court that one can seek judicial review of Industrial Commission orders. First, there is the direct appeal to a trial court under R.C. 4123.512. Id. at ¶ 12, citing Felty, 65 Ohio St.3d at 236. This was described as the most limited form of review as there is no inherent right to appeal workers' compensation matters. Id. Second, there is the possibility of filing for a writ of mandamus in the Tenth Appellate District. Id. And third, one can file a declaratory action under Chapter 2721 of the Revised Code. Id.
 {¶ 24} The Supreme Court continued:
 {¶ 25} "Which procedural mechanism a litigant may choose depends entirely on the nature of the decision issued by the commission. Each of the three avenues for review is strictly limited; if the litigant seeking judicial review does not make the proper choice, the reviewing court will not have subject matter jurisdiction and the case must be dismissed." Felty,65 Ohio St.3d at 236.
 {¶ 26} Thus, even though the appeal to the trial court under R.C. 4123.512 is improper because it was not an appeal of an order concerning the right to participate or to continue to participate, the Battins are not left without a remedy. However, the notice of appeal filed under R.C. 4123.512 with its accompanying petition/complaint required under R.C. 4123.512(D) cannot be construed as a declaratory judgment action after the fact. As can be seen from the language used in Felty, the three procedural mechanisms are distinct avenues. The litigant must "choose" the proper course among them. A claimant thus cannot file one action and later allege that it encompasses each of the three avenues in order to cover all bases in case one is determined to be improper.
 {¶ 27} It is clear the complaint was filed as the R.C.4123.512(D) petition, which is required to accompany (or follow by thirty days) the R.C. 4123.512(A) notice of appeal. Further, there was no direct or indirect mention of declaratory judgment in the complaint or mention of a statutory right. Additionally, the Battins never raised this argument to the trial court when responding to the Administrator's motion to dismiss. We also note that the Battins seemed to have abandoned this theory at oral argument and instead argued that they feared that a declaratory action would have been dismissed. For all of these reasons, the action filed by the Battins that resulted in this appeal was not a request for a declaratory judgment under Chapter 2721. Rather, it was an improper attempt at an administrative appeal to the trial court over a matter that does not concern the right to participate or to continue to participate.
 {¶ 28} Finally, we shall dispose of two other alternative arguments set forth in the Battins' appellate brief. They raised an argument concerning why the doctrine of res judicata was inapplicable. For instance, the doctrine of res judicata cannot be raised in a Civ.R. 12(B) motion where the facts are not evident from the face of the complaint. And, the claim is not the same where the prior issue was the amount of overpayment and the current issue is whether overpayment can be recouped through death benefits. These arguments may have merit; however, we need not resort to a res judicata analysis where the trial court was permitted to properly dismiss the appeal based upon a lack of subject matter jurisdiction as set forth supra.
 {¶ 29} We also note that the Battins have raised an argument responding to one of the Administrator's original grounds for seeking dismissal. That is, the Administrator initially contended that the Battins' complaint seeking recovery of funds recouped from death benefits was a complaint for money damages that should have been filed in the Court of Claims. However, the Administrator's appellate brief concedes that this argument set forth in the trial court was invalid and contrary to Supreme Court law. See Santos v. Ohio Bur. of Workers' Comp.,101 Ohio St.3d 74, 2004-Ohio-28 (action seeking declaratory and injunctive relief, including return of specific funds wrongfully collected under workers' compensation subrogation statute, was not a civil action for money damages in the exclusive jurisdiction of the Court of Claims). Regardless, as aforementioned, the trial court could properly dismiss the action for a lack of subject matter jurisdiction to hear the appeal.
 {¶ 30} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs. Waite, J., concurs.